## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEISHA D. LEWIS,

     Plaintiff

     v.

ROSLYNN R. MAUSKOPF,

     Defendant.

Civil Action No. 22-0189 (CKK)

## MEMORANDUM OPINION
(November 7, 2022)

Plaintiff Keisha D. Lewis brought this case against Defendant Roslynn R. Mauskopf, Director, Administrative Office of the U.S. Courts, alleging employment discrimination in violation of Title VII.  Presently before the Court is Defendant's [7] Motion to Dismiss all of Plaintiff's claims.  Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Defendant's Motion.

## I. BACKGROUND

On January 18, 2022, Plaintiff Keisha D. Lewis, a Black woman, brought this action against Defendant Roslynn R. Mauskopf, the Director of the Administrative Office of the U.S. Courts (A.O.).  *See* Compl.  Ms. Lewis was formerly employed by the A.O. as a "Data Programs

---

[1] The Court's consideration has focused on the following documents and their attachments and/or exhibits:
- Plaintiff's Complaint for Employment Discrimination, ECF No. 1 ("Compl.");
- Plaintiff's Discrimination Complaint Incident Outline, ECF No. 1 ("Pl.'s Out.")
- Tab A, ECF No. 1 ("Tab A");
- Defendant's Motion to Dismiss, ECF No. 7 ("Def.'s Mot.");
- Declaration of Tiffany Blakey, ECF No. 7-2, ("Blakey Decl.");
- Plaintiff's Response in Opposition to the Motion to Dismiss, ECF No. 9 ("Pl.'s Resp.");
- Reply in Further Support of Defendant's Motion to Dismiss, ECF No. 10 ("Def.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

and Policy Branch Analyst." Tab A.  She alleges that during her employment, she was subject to

a pattern of discriminatory conduct by her supervisors in violation of Title VII.  Compl. at 4.

Among a list of numerous allegedly discriminatory practices, Ms. Lewis mentions an

"inflammatory performance assessment write-up" that she claims was the product of her

manager's "discrimination and retaliatory actions."  Pl.'s Out. at 2.

Before bringing this action, Ms. Lewis sought redress through the A.O.'s internal

complaint process.  Blakey Decl. ¶ 7.  In July 2018, she contacted a counselor of the A.O.'s Fair

Employment Practices Office and eventually filed a Formal Complaint of Discrimination with

that office in December 2018.  *Id.* ¶¶ 7, 8.  The Office accepted her complaint in February 2019

and generated a lengthy "Report of Investigation" in June 2019.  *Id.* ¶ 9.  Finally, in February

2020, the A.O.'s Director dismissed Ms. Lewis's charges upon the recommendation of a Hearing

Officer.  *Id.* ¶ 10.  Ms. Lewis did not appeal this decision to an Appellate Judicial Officer, *id.* ¶

12, as permitted by A.O.'s complaint policy, Def.'s Ex. 1 at 15–17.  Instead, Ms. Lewis filed a

Title VII claim with the EEOC, which was dismissed in December 2021 "due to a lack of

jurisdiction."  Compl. at 5.

Proceeding *pro se*, Ms. Lewis filed a Complaint before this Court in January 2022

alleging a Title VII violation due to "[u]nequal terms and conditions of [her] employment,"

retaliation, and constructive discharge.  *Id.* at 6.  In response, Defendant filed the instant motion

to dismiss for lack of subject matter jurisdiction.  Def.'s Mot. at 7.  In Ms. Lewis's response to

Defendant's motion, she articulated—for the first time—violations of the Fifth, Seventh, and

Ninth Amendments.  Pl.'s Resp. at 2–4.  Defendant considers Plaintiff's response to be amending

Plaintiff's Complaint by adding new causes of action.  *See* Def.'s Reply at 2–3.  Ms. Lewis's

response additionally challenged the integrity of the A.O.'s investigation and complaint process,

claiming that it was fraudulent.  Pl.'s Resp. at 5–9.  Defendant filed their reply in further support of their motion to dismiss.  The Court now addresses the motion to dismiss Plaintiff's claims.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  To determine whether there is jurisdiction, courts may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F. 3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be drawn from the facts alleged.  *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). Despite the favorable inferences afforded to a plaintiff on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. U.S. Env't Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000) (ESH).  "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint ... will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (JDB) (internal

citations and quotation marks omitted) (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001), *aff'd per curiam*, No. 07-5328, 2008 WL 4068606 (D.C. Cir. Mar. 17, 2008)).  A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

Defendant filed their motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  However, after Plaintiff's response articulated new claims, Defendant transitioned to, in part, functionally arguing for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See, e.g.*, Def.'s Reply at 6 ("Plaintiff has no viable… claim").  Therefore, this Court will apply the 12(b)(6) standard where appropriate.

Under Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged."  *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

### III. DISCUSSION

**A. Scope of Plaintiff's Pleadings**

As a threshold matter, Defendant argues that the Court should not consider the constitutional claims that Plaintiff articulates for the first time in her response to Defendant's motion to dismiss.  Def.'s Reply at 2–3.  The Court rejects this argument.

To begin, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint. A *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Where some legitimate claim for relief lies, a court should not grant a motion to dismiss a *pro se* litigant's complaint for failure to state a claim.  *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1059 (D.C. Cir. 1998) ("Even if [a plaintiff] might lose on the merits,… the district court should… permit[ ] [a] claim, drafted *pro se* and based on legitimate factual allegations, to proceed."); *Williams v. Bank of N.Y. Mellon*, 169 F. Supp. 3d 119, 124 (D.D.C. 2016) (RBW).

Furthermore, the Court of Appeals has ruled that a court must consider not only the allegations in a *pro se* plaintiff's complaint, but also those in response to a motion to dismiss. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("a district court errs in failing to consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss") (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)); *Fillmore v. AT & T Mobility Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) (JEB) ("the Court, as it must in a case brought by a *pro se* plaintiff, considers the facts as alleged in both the Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss.").

Accordingly, the Court is willing to consider Plaintiff's Fifth, Seventh, and Ninth Amendment claims as recontextualizing the allegations included in her Complaint.  *See* Pl.'s

Resp. at 2 ("It is Ms. Lewis' belief that her complaint not only covers the provisions outlined in Title VII, but also the guarantees of personal freedoms and rights outlined in the U.S. Constitution").

### B.  Title VII Claim

Defendant asserts that this Court lacks subject matter jurisdiction over Plaintiff's Title VII claims because Plaintiff's employment position was not covered by Title VII.  Def.'s Mot. at 4–5.  Defendant is correct that Plaintiff's position was not covered by Title VII, and Plaintiff concedes this point.  Pl.'s Resp. at 2.  Title VII applies to units of the judicial branch of the federal government having positions in the competitive service.  42 U.S.C. § 2000e-16(a). Employees of the judicial branch whose positions are not part of the competitive service may not bring claims under Title VII.  *See Davis v. Passman*, 442 U.S. 228, 247 (1979) (concluding that Title VII does not apply to congressional employees who are exempt from competitive service); *Lawrence v. Staats*, 640 F.2d 427, 431 (D.C. Cir. 1981); *Bethel v. Jefferson*, 589 F.2d 631, 637 n. 29 (D.C. Cir. 1978).  Plaintiff's position was admittedly not in the competitive service.  Pl.'s Resp. at 2.  Therefore, the Court grants Defendant's motion to dismiss Plaintiff's Title VII claims.  However, the Court notes that Defendant's argument would be better characterized as a motion to dismiss for failure to state claim under 12(b)(6).

### C.  A.O. Adjudication Process

In their motion to dismiss, Defendant argues that because Plaintiff's discrimination and retaliation claims were fully adjudicated pursuant to the A.O. complaint process, the Court does not have subject matter jurisdiction under the Administrative Procedure Act (APA) to review them.  Def.'s Mot. at 6–7.  In response, Plaintiff admits that "[t]he AO did adjudicate Ms. Lewis' claims."  Pl.'s Resp. at 5.  However, she argues that "the AO process was not fair, just, or

impartial.  Moreover, [Ms. Lewis]… believes that she is entitled for her claims to be heard and adjudicated by an impartial court and/or jury pursuant to… 60(b)(3)" because the process was fraudulent.  *Id.* at 5–7. The Court now addresses whether Plaintiff's claims are reviewable under either the APA or Rule 60(b)(3).

### 1.  Administrative Procedure Act

The APA grants the federal judiciary the power to review adjudications made by "agencies."  5 U.S.C. § 554.  The APA specifically exempts "the courts of the United States" from the definition of "agency."  5 U.S.C. § 551(1)(B).  Courts in this Circuit have understood this language to exclude the entire judicial branch, including the A.O., from APA review.  *See Novell, Inc. v. U.S.*, 109 F. Supp. 2d 22, 26–27 (D.D.C. 2000) (EGS) (citing *Washington Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994).

Plaintiff's claims were adjudicated to a final decision pursuant to the A.O.'s complaint process, which Plaintiff admits.  *See* Pl.'s Resp. at 5; Blakey Decl. ¶¶ 9–12.  As the A.O. is excluded from APA review, the Court does not have subject matter jurisdiction to review the A.O.'s adjudication of Plaintiff's claims.

### 2.  Federal Rule of Civil Procedure 60(b)(3)

Rule 60(b)(3) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  A 60(b)(3) motion is filed by a party seeking to overturn a final judgment entered by a court of the federal judiciary.  *See, e.g.*, *Murray v. D.C.*, 52 F.3d 353, 354 (D.C. Cir. 1995) (ruling on appeal brought by plaintiffs whose 60(b)(3) motion for relief from the judgment of a district court was denied by the district court); *Summers v.*

*Howard Univ.*, 374 F.3d 1188, 1192 (D.C. Cir. 2004) (considering appeal brought by plaintiffs

whose 60(b)(3) motion for relief from judgment of a magistrate judge was denied by the judge);

*Lindsey v. U.S.*, 532 F. Supp. 2d 144, 146 (D.D.C. 2008) (RBW) (considering plaintiff's 60(b)(3)

motion to reconsider the court's prior dismissal with prejudice).  This Court has been unable to

identify any legal authority for the proposition that the rule may also grant a district court

jurisdiction to hear claims it would otherwise lack the subject matter jurisdiction to entertain,

including review of the A.O.'s adjudication decision.  Plaintiff misunderstands Rule 60(b)(3).

*     *     *

The Court grants Defendant's motion to dismiss Plaintiff's claims regarding the A.O.'s

adjudication process.

### D.  Fifth Amendment Due Process Claim

Plaintiff posits that a decision dismissing her claim would violate her Fifth Amendment

right to have her claim heard.  Pl.'s Resp. at 2–3.  Specifically, Plaintiff states that "if her civil

complaint is dismissed solely based on the fact that her allegations are against employees of the

Judicial Branch, this would constitute a violation" of her right to "due process of the law."  *Id.* at

3.  Insofar as this language can be construed as a claim to a protected property interest in having

her claim heard, Plaintiff's argument fails.

A due process claim requires a plaintiff to demonstrate "deprivation of a protected liberty

or property interest… by the government… without the process that is 'due' under the Fifth

Amendment."  *NB ex rel. Peacock v. D.C.*, 794 F.3d 31, 41 (D.C. Cir. 2015).  A protected

property interest is one upon which a person may have legitimate reliance.  *See Bd. of Regents of

State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

Plaintiff fails to establish that she has a protected property interest in having her case heard by this Court. When Congress establishes a right through statute, it may limit the judiciary's adjudication of that right without violating the Fifth Amendment. *Davis*, 442 U.S. at 241–42. Congress established the rights under Title VII and clearly circumscribed the ability of the judiciary to review claims brought under it by employees not in the competitive service. *Id.* at 247. Therefore, as an employee not in the competitive service, Plaintiff fails to establish a due process claim because she could not have legitimately relied upon her Title VII claims being heard by this Court. The Court grants Defendant's motion to dismiss Plaintiff's Fifth Amendment due process claim.

### E. Fifth Amendment Discrimination and Retaliation Claims

Plaintiff also argues that "past, current, and future Judiciary employees are entitled to the Constitutional guarantee of the right to work in an environment free from discrimination and retaliation under the U.S. Constitution Bill of Rights, specifically the Fifth… Amendment[]." Pl.'s Resp. at 1. To the extent this statement may be construed as a *Bivens* action for discrimination and retaliation, it too fails.

In *Bivens v. Six Unknown Federal Narcotics Agents*, the Supreme Court recognized what has become known as a "*Bivens* action" in which a court identifies an implied civil cause of action within a Constitutional amendment. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971). Courts considering proposed *Bivens* actions must address whether the case "presents 'a new *Bivens* context'" and, if so, "if there are 'special factors' indicating that the judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859–60, 1880 (2017)). When conducting this analysis, courts

should note the Supreme Court's extreme reticence towards judicially created causes of action arising under the Constitution. *See Egbert*, 142 S. Ct. at 1802.

Plaintiff's case fails this two-step inquiry. First, a new context is one that is "meaningful[ly]" different from those in which the Court has found an implied damages action, which it has done only three times. *Ziglar*, 137 S. Ct at 1859–60. A new context is present whenever a plaintiff seeks damages from a "new category of defendant," *id.* at 1857, and, as relevant here, a separate branch of government is a new category of defendant, *see Meshal v. Higgenbotham*, 804 F.3d 417, 424 (D.C. Cir. 2015) (collecting cases), *cert. denied*, 137 S. Ct. 2325 (2017). The Supreme Court recognized a *Bivens* action in *Davis v. Passman* that bears most similarity to the case now before this Court. There, the Supreme Court identified a civil cause of action under the Fifth Amendment for discrimination where the Plaintiff was a non-competitive service employee of Congress and therefore exempt from Title VII protections. *Davis*, 442 U.S. at 248. But while the defendant in *Davis* was a member of Congress, *Davis*, 442 U.S. at 230, here the Defendant is part of the judicial branch—a new category of defendant. Therefore, this case presents a new *Bivens* context.

Second, the Court must determine whether there are "special factors" present that counsel against inferring a new *Bivens* action. The existence of an alternative remedial scheme established by Congress may alone be sufficient to prevent the judiciary's recognition of a new *Bivens* action. *Ziglar*, 137 S. Ct. at 1858; *see also Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988); *Bush v. Lucas*, 462 U.S. 367, 388 (1983) (refusing to imply a *Bivens* action where plaintiffs had access to "an elaborate remedial system"). Here, Plaintiff had access to the A.O.'s complaint process, which was established pursuant to the Administrative Office of the United States Courts Personnel Act of 1990. 28 U.S.C. § 602 Note, Act § 3(f). In fact, that process's

10

final step, which Plaintiff elected to skip, involves review of the complainant's claim by an Appellate Judicial Officer, who must be a judge appointed under Article III of the U.S. Constitution.  A.O. Man. § 330.70(f)(1).  The Court finds this thorough remedial scheme established by Congress to constitute a special factor sufficient to preclude recognizing Plaintiff's discrimination and retaliation claims as *Bivens* actions under the Fifth Amendment.

Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's discrimination and retaliation claims under the Fifth Amendment.

### F.  Seventh Amendment Claim

Plaintiff asserts that granting Defendant's motion to dismiss would violate her Seventh Amendment rights, which she describes as "provid[ing] the constitutional guarantee of having civil claims tried before a jury, unless this right is waived by the parties involved."  Pl.'s Resp. at 3.  However, Plaintiff has already waived her right to a jury trial by checking the "no" box in the section of the complaint form entitled "Jury Trial."  Compl. at 1.  Therefore, dismissal of Plaintiff's claims does not violate her right to a jury trial.  The Court grants Defendant's motion to dismiss Plaintiff's Seventh Amendment claim.

### G.  Plaintiff's Right to a Chosen Trade or Profession

Plaintiff next argues that one of the unenumerated rights under the Ninth Amendment is her "right to choose and follow a profession."  Pl.'s Resp. at 4.  She asserts that this right was infringed upon because the "discrimination and retaliation she endured forced her from enjoying and continuing in her chosen position and profession."  *Id.*

The right to follow a chosen trade or profession is grounded in the due process clause of the Fifth Amendment, *see generally Kartseva v. Dep't of State*, 37 F.3d 1524 (D.C. Cir. 1994), rather than the Ninth Amendment.  Due process may be implicated when government "action

formally or automatically excludes [a plaintiff] from work" in their chosen field, or if it "has the broad effect of largely precluding [a plaintiff] from pursuing [their] chosen career." *Kartseva v. Dep't of State*, 37 F.3d at 1528–29.

Plaintiff presents no evidence that the government has formally or automatically excluded her from working in her chosen field. Instead, Plaintiff's claim seems to largely hinge on an allegation regarding the performance assessment received while at the A.O.; she states that having certain negative "language in my written assessment has prohibited me from being able to apply and be considered to other government positions." Pl.'s Out. at 2. Accordingly, Plaintiff must rely on the second argument as described in *Kartseva*—that the government's actions have had the broad effect of largely precluding her from pursuing her chosen career. *Kartseva*, 37 F.3d at 1528–29; *see, e.g.*, *Greene v. McElroy*, 360 U.S. 474, 492, 508 (1959) (finding due process possibly implicated where government revocation of security clearance "seriously affected, if not destroyed, [plaintiff's] ability to obtain employment in the aeronautics field"); *Kartseva*, 37 F.3d at 1528–30 (recognizing potential due process violation where government terminated plaintiff after a background check based on unknown "counterintelligence concerns," which may "implicate[] [plaintiff's] general employability in her field"). If a plaintiff has "merely lost one position in her profession but is not foreclosed from reentering the field, she has not carried her burden." *Kartseva*, 37 F.3d at 1529. A showing of stigmatic or reputational harm alone cannot suffice to demonstrate a claim of interference with the right to follow a chosen trade or profession. *O'Donnell v. Barry*, 148 F.3d 1126, 1141 (D.C. Cir. 1998) (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)). Such a "claim cannot survive a motion to dismiss on the theory that a government action led to mere difficulty finding a job. The [c]omplaint must allege that the plaintiff has been effectively 'foreclosed' from some category of work." *Lea v. D.C.*, No. 22-

cv-1396, 2022 WL 315828, at *6 (D.D.C. Aug. 8, 2022) (JEB) (citing *Campbell v. D.C.*, 894 F.3d 281, 288–89 (D.C. Cir. 2018)).

Plaintiff has not alleged sufficient facts to suggest that the A.O.'s actions have had the broad effect of largely precluding her from pursuing her chosen career.  Taking Plaintiff's allegations as true, discrimination from individuals within the government (*i.e.*, her managers) forced her to leave her position at the A.O.  Pl.'s Resp. at 4.  However, that Ms. Lewis "merely lost one position" does not mean that she has been precluded from working in her chosen field. *Kartseva*, 37 F.3d at 1529.  Her chosen field appears to have been both the data and policy analysis fields, or, alternatively, the field of government work.  *See* Tab A (showing title of "Data Programs and Policy Branch Analyst").  Plaintiff has pled no facts to support the claim that she has been unable to find work in the fields of data and policy analysis due to the actions of A.O. employees.  She does claim that the negative performance assessment "has prohibited [her] from being able to apply and be considered to other government positions."  Pl.'s Out. at 2. However, defeating a motion to dismiss for failure to state a claim requires more than a "bare assertion that the agency's actions 'have prevented [plaintiff] from obtaining employment in his chosen profession.'"  *deLeon v. Wilkie*, No. 19-1250, 2020 WL 210089 at *6 (D.D.C. Jan. 14, 2020) (JEB).  Plaintiff does not plead any additional facts expounding upon her inability to apply for and be considered for government positions; in fact, her claim is virtually identical to the conclusory statements found to be insufficient to survive a motion to dismiss in *deLeon*.  *Cf. Lea*, 2022 WL 315828, at *6 (denying a motion to dismiss where the plaintiff stated in her complaint that "she was 'completely foreclosed' from 'any real prospect of pursuing employment with the District of Columbia government,'" and that "she applied to numerous jobs in the government but was offered no interviews").  Moreover, even were Plaintiff to have pled facts that the

13

performance assessment caused her reputational harm or led to difficulty in securing government employment, such arguments would fail. *See O'Donnell*, 148 F.3d at 1141; *Campbell*, 894 F.3d at 288–89.

Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's claim regarding the right to a chosen trade or profession.

### H.  Ninth Amendment Claim

Finally, Plaintiff argues that dismissal of her claims will violate her rights to "receive equal protection… from the federal government" and "to use the federal courts and other government institutions" under the Ninth Amendment.  Pl.'s Resp. at 4.  As previously discussed, federal courts may grant a motion to dismiss where no legally viable claim exists or where they lack subject matter jurisdiction without violating a plaintiff's constitutional rights.  Therefore, these arguments are unavailing.  The Court grants Defendant's motion to dismiss Plaintiff's Ninth Amendment claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant's [7] Motion to Dismiss all of Plaintiff's claims is GRANTED.  This case is DISMISSED WITHOUT PREJUDICE.  An Order accompanies this Memorandum Opinion.


Dated: November 7, 2022


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge